UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JARED PECK, a Washington resident, and, JAMES BOWDEN, a Washington resident, individually and on behalf of all the members of the class of persons similarly situated,

Plaintiffs,

v.

CINGULAR WIRELESS, LLC, a Delaware limited liability company, d/b/a Cingular Wireless, NEW CINGULAR WIRELESS SERVICES, INC., a Delaware corporation d/b/a AT&T Wireless, NEW CINGULAR WIRELESS SERVICES PURCHASING COMPANY, L.P., a Delaware limited partnership, d/b/a Cingular Wireless, and NEW CINGULAR WIRELESS PCS, LLC, a Delaware limited liability company, d/b/a Cingular Wireless,

Defendants.

C09-106Z

ORDER

THIS MATTER comes before the Court on plaintiffs' motion for remand. Having reviewed all papers filed in support of or in opposition to plaintiffs' motion, the Court hereby ORDERS as follows:

(1) Defendants are directed to SHOW CAUSE by March 27, 2009, via supplemental response not to exceed five (5) pages in length, why this matter should not be

ORDER - 1

1 remanded to King County Superior Court; no other briefing concerning plaintiffs' motion for remand shall be filed by either party;

(2) Plaintiffs' motion for remand, docket no. 9, is RENOTED to March 27, 2009;

(3) Defendants' motions for summary judgment, docket nos. 10 and 19, are RENOTED to April 17, 2009; and

(4) The Clerk is directed to send a copy of this Order to all counsel of record.

**Background**

In March 2006, defendants removed this case from King County Superior Court on the ground that the state law claims of then sole plaintiff, Jared Peck, were preempted by the Federal Communications Act ("FCA"), 47 U.S.C. § 332. Upon removal to this Court, the case was assigned the cause number C06-343Z. In October 2006, the Court granted defendants' motion to dismiss on the basis of preemption. Order (C06-343Z, docket no. 61). Plaintiff appealed. In September 2008, the Court of Appeals for the Ninth Circuit issued its mandate, giving effect to its decision that the FCA does not preempt a claim under RCW 82.04.500, and vacating this Court's order of dismissal.

Plaintiff then moved to remand this case to King County Superior Court. In response, defendants contended that, although they did not in their Notice of Removal allege jurisdiction on any basis other than preemption, the Court had jurisdiction over this case pursuant to 28 U.S.C. § 1332(d)(2)(A), a provision of the Class Action Fairness Act ("CAFA"), which provides in part that "[t[he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." The Court concluded that defendants, having failed to allege class action diversity jurisdiction in their Notice of Removal, could not amend to correct deficiencies relating to such basis for jurisdiction. *See*

Order (C06-343Z, docket no. 84). As a result, the Court remanded the case to King County Superior Court.

After returning to state court, the complaint was amended to add a new plaintiff, James Bowden. <u>See</u> Notice of Removal at 3 (C09-106, docket no. 1). In January 2009, Mr. Bowden moved for class certification. Within thirty days after the motion for class certification was filed, defendants again removed the case to this Court, alleging that the motion asserted the requisite amount-in-controversy (over $5,000,000) to support removal pursuant to § 1332(d)(2)(A). <u>See id.</u> at 3-6. Defendants also contended that their removal was timely because it was brought within thirty days after receipt of a "motion . . . from which it may first be ascertained that the case is one which is or has become removable." <u>See id.</u> at 9 (quoting 28 U.S.C. § 1446(b)). Plaintiffs now move to again remand this matter to King County Superior Court.

**Discussion**

The parties devote substantial attention to the issues whether the threshold jurisdictional amount is adequately demonstrated and whether the "case stated by the initial pleading is not removable," which is a prerequisite to reliance on a subsequent pleading or motion as a basis for removal. The parties, however, have apparently overlooked the time limitation set forth in the removal statute: "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). This case was filed in King County Superior Court on February 14, 2006. <u>See</u> Notice of Removal at 2. The Notice of Removal, alleging jurisdiction pursuant to 28 U.S.C. § 1332, was filed on January 23, 2009, over two years and eleven months later. The removal appears to be untimely.[1] <u>See Johnson v. Am. Online, Inc.</u>,

---

[1] A difference of opinion exists concerning whether the one-year limit is jurisdictional or merely a procedural bar. <u>See Lexington Mkt., Inc. v. Desman Assocs.</u>, -- F. Supp. 2d --, 2009 WL 454593 at *4 (D. Md.) (noting that the Fourth Circuit has "strongly intimated that the one-year limitation in section 1446(b) is jurisdictional" while the Third and Fifth Circuits have concluded it is procedural and therefore amenable to equitable tolling). The Ninth Circuit has not yet addressed the issue. <u>See Johnson</u>, 280 F. Supp. 2d at 1024 ("defendant

ORDER - 3

280 F. Supp. 2d 1018, 1023 (N.D. Cal. 2003) ("when a complaint is remanded for defendant's failure to demonstrate the amount-in-controversy and then re-removed based on newly discovered facts related to the amount-in-controversy, re-removal must take place within one year" after the complaint was filed (citing *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780 (7th Cir. 1999))). Because neither party has discussed the one-year bar, the Court will provide defendants an opportunity to show cause why this matter should not be remanded to King County Superior Court on the basis of untimely removal.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this 12th day of March, 2009.

Thomas S. Zilly
United States District Judge

---

has not cited any Ninth Circuit authority for the proposition that equitable estoppel is an available defense to the one-year deadline"). For purposes of this case, the issue whether the one-year limit is jurisdictional or procedural appears irrelevant because defendants do not seem to have a basis for seeking equitable tolling. In their show cause response, however, defendants may, if they wish, address the issue of equitable tolling.

ORDER - 4