UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JARED PECK, a Washington resident, and, JAMES BOWDEN, a Washington resident, individually and on behalf of all the members of the class of persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CINGULAR WIRELESS, LLC, a Delaware limited liability company, d/b/a Cingular Wireless, NEW CINGULAR WIRELESS SERVICES, INC., a Delaware corporation d/b/a AT&T Wireless, NEW CINGULAR WIRELESS SERVICES PURCHASING COMPANY, L.P., a Delaware limited partnership, d/b/a Cingular Wireless, and NEW CINGULAR WIRELESS PCS, LLC, a Delaware limited liability company, d/b/a Cingular Wireless, <br><br> Defendants. | C09-106Z <br><br> ORDER |

THIS MATTER comes before the Court on plaintiffs' motion for remand, docket no. 9. Having reviewed defendants' response to the Court's Order to Show Cause dated March 12, 2009, as well as all papers filed in support of or in opposition to plaintiffs' motion, the Court DENIES the motion.

ORDER - 1

**Discussion**

The procedural facts relating to plaintiffs' motion for remand were fully set forth in the Court's Order to Show Cause, docket no. 22. Having reviewed defendants' response to that Order, the Court is satisfied that the one-year time limit articulated in 28 U.S.C. § 1446(b) does not apply to class actions as defined by the Class Action Fairness Act ("CAFA"), and thus, does not bar the removal at issue here. See 28 U.S.C. § 1453(b). The questions presented by plaintiffs' motion to remand are therefore (1) whether the "case stated by the initial pleading is not removable" as required by 28 U.S.C. § 1446(b), and (2) whether the threshold jurisdictional amount is adequately demonstrated. The Court is persuaded that both of these elements are satisfied and that removal of this matter was proper.

In this round of briefing, plaintiffs take the position that nothing "new" occurred in the state action to warrant defendants' second notice of removal. The removal statute sets a time limit of thirty days after receipt of the initial pleading or, if the case stated by the initial pleading is not removable, thirty days after receipt of an amended pleading, motion, or order "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Defendants contend that plaintiffs' motion for class certification, filed on January 16, 2009, was the first time that plaintiffs alleged actual damages in the amount of $2.3 million, to be trebled, rather than the $1.4 million pleaded in the complaint, and that their second notice of removal, filed seven days later, was timely. Plaintiffs argue that the higher amount of damages was not news to defendants, who relied on that figure in their unsuccessful attempt to remain in this Court when the preemption ground they alleged in their first notice of removal proved an unviable basis for jurisdiction.

Although plaintiffs might be accurately characterizing defendants' knowledge, whether defendants knew or had reason to know that plaintiffs' estimate of damages would increase is not relevant. The appropriate inquiry is whether the "case stated by the initial pleading is not removable." In connection with their previous motion for remand, plaintiffs

ORDER - 2

asserted that the initial pleading did not support the amount-in-controversy necessary for jurisdiction under CAFA and that the complaint was not removable. *See* Reply at 2 (C06-343Z, docket no. 83). Plaintiffs are now estopped from arguing to the contrary. Moreover, the Court earlier concluded that the complaint did not evidence the requisite quantum of damages, estimating a class of 100,000 people, each suffering less than $50 in damages. *See* Order at 2 (C06-343Z, docket no. 84). Thus, the initial pleading was not removable, and defendants were entitled to restart the thirty-day removal clock from the date they received plaintiffs' motion for class certification.

With respect to the jurisdictional amount, the primary issue is whether treble damages under the Washington Consumer Protection Act ("CPA") are capped at $10,000 for the entire class or per class member. The parties take opposite positions from one another, and probably from the arguments they would be inclined to make closer to the time when damages are actually calculated. Each side cites a different Washington case, but only the opinion upon which defendants rely is on point. Plaintiffs cite to *Edmonds v. John L. Scott Real Estate, Inc.*, 87 Wn. App. 834, 942 P.2d 1072 (1997), in which Division I held that the trial court erred in awarding exemplary (treble) damages for each violation of the CPA, when the sole plaintiff suffered only one injury as a result of all of the CPA violations. *Edmonds* is not of any assistance.

The case cited by defendants, *Smith v. Behr Process Corp.*, 113 Wn. App. 306, 54 P.3d 665 (2002), is more analogous to the pending case. In *Smith*, the trial court awarded treble damages to the class representatives, but not to the represented class members, concluding that the represented class members did not "bring a civil action" as required by the CPA's damages provision. *See id.* at 345-46 (quoting RCW 19.86.090). Division II reversed, holding that the trial court misconstrued the statutory language and remanding for a determination whether to award treble damages to the represented class members. *Id.* at 346.

ORDER - 3

In so ruling, Division II implicitly approved of the trial court's decision to award treble damages up to the limit of $10,000 for each class representative.  *See* *id.*

The Court is satisfied that the jurisdictional amount has been adequately pled. Plaintiffs seek $2.3 million in actual damages, split among roughly 100,000 class members, or about $23 per person.  When such actual damages are trebled, the resulting amount of $69 does not exceed the cap on exemplary damages per class member and the aggregate of $6.9 million constitutes defendants' potential exposure, not including costs and attorney's fees, which is well over the $5 million threshold for jurisdiction under CAFA.  Therefore, plaintiffs' motion for remand is DENIED.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this 20th day of March, 2009.

Thomas S. Zilly
United States District Judge