UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES BOWDEN, a Washington resident, individually and on behalf of all the members of the class of persons similarly situated,

Plaintiff,

v.

AT&T MOBILITY, LLC f/k/a/ CINGULAR WIRELESS, LLC, a Delaware limited liability company, d/b/a Cingular Wireless, NEW CINGULAR WIRELESS SERVICES, INC., a Delaware corporation d/b/a AT&T Wireless, NEW CINGULAR WIRELESS SERVICES PURCHASING COMPANY, L.P., a Delaware limited partnership, d/b/a Cingular Wireless, and NEW CINGULAR WIRELESS PCS, LLC, a Delaware limited liability company, d/b/a Cingular Wireless,

Defendants.

C09-106Z

ORDER

THIS MATTER comes before the Court on cross-motions for summary judgment and a motion for class certification. Having reviewed all papers filed in support of and in opposition to each motion, the Court does hereby ORDER:

    (1)    Defendants' motion for summary judgment, docket no. 19, is GRANTED;[1]

---

[1] When defendants filed their motion for summary judgment, James Bowden was one of two plaintiffs. The other plaintiff, Jared Peck, has since settled with defendants and his claims have been dismissed with prejudice. Stip. & Order (docket no. 27).

ORDER - 1

(2) Plaintiff's cross-motion for partial summary judgment, docket no. 40, is DENIED;

(3) Plaintiff's motion for class certification, docket no. 34, is STRICKEN as moot; and

(4) The Clerk is directed to enter JUDGMENT consistent with this Order and to send a copy of this Order to all counsel of record.

**Background**

This putative class action, alleging breach of contract, unjust enrichment, violation of Washington's Consumer Protection Act ("CPA"), and violation of RCW 82.04.500,[2] names as defendants AT&T Mobility, LLC (formerly known as Cingular Wireless LLC), New Cingular Wireless Services, Inc., New Cingular Wireless Services Purchasing Company, L.P., and New Cingular Wireless PCS, LLC (collectively, "Cingular Wireless"). *See* Second Amended Complaint (docket no. 48). The target of the various claims is Cingular Wireless's practice over a four-year period of passing along to its customers, as a "surcharge," the business and occupation ("B&O") tax assessed against the company by the State of Washington. This lawsuit is related to, and presents issues similar to *Riensche v. Cingular Wireless LLC, et al.*, W.D. Wash. Case No. C06-1325Z, in which this Court has already ruled in favor of Cingular Wireless.

In *Riensche*, the Court concluded that the breach of contract and unjust enrichment claims, identical to those at issue in this case, were barred by the voluntary payment doctrine. *See* Order (C06-1325Z, docket no. 133). The plaintiff in *Riensche*, who is represented by the same attorneys as the plaintiff in this case, did not appeal the Court's decision concerning his unjust enrichment claim. *See* Ninth Circuit Memorandum at 2, Attachment to Mandate

---

[2] RCW 82.04.500 reads: "It is not the intention of this chapter that the taxes herein levied upon persons engaging in business be construed as taxes upon the purchasers or customers, but that such taxes shall be levied upon, and collectible from, the person engaging in the business activities herein designated and that such taxes shall constitute a part of the operating overhead of such persons."

ORDER - 2

(C06-1325Z, docket no. 151).  As to the breach of contract and CPA claims in *Riensche*, the Ninth Circuit vacated the Court's Order granting summary judgment in favor of Cingular Wireless on grounds not relevant to the motions now pending before the Court.  *See id.*  On remand, the plaintiff in *Riensche* conceded that his breach of contract claim is precluded by the voluntary payment doctrine, and he conceded that Cingular Wireless has not violated the CPA by failing to disclose the B&O surcharge at issue; the Court therefore reinstated its previous reasoning as to those claims.  Order at 4-5, 6 (C06-1325Z, docket no. 169).  In addition, the Court rejected plaintiff's new CPA theories, as well as his claim for a declaratory judgment that Cingular Wireless's practices violated RCW 82.04.500.  *Id.* at 6-11.

The plaintiff in *Riensche* has again appealed.  In subsequent briefing requested by the Court, the parties expressed divergent views concerning whether this case should be stayed pending the Ninth Circuit's decision in *Riensche*.  Plaintiff advocates against a stay, highlighting the ways in which this case is different from *Riensche*, while Cingular Wireless contends that a stay would conserve both the Court's and the parties' resources, particularly in light of the accelerated briefing schedule in *Riensche*.  The Court is persuaded that the best course is to issue its ruling in this case without waiting for further guidance from the Ninth Circuit.  In this way, if the parties wish to consolidate or track the two cases on appeal, they might have an opportunity to seek appropriate relief from the Ninth Circuit.

In deciding this case, the Court observes that the underlying facts do not differ in any material way from the facts in *Riensche*.  Like the plaintiff in *Riensche*, plaintiff in this case, James Bowden, switched from another cellular telephone service provider to Cingular Wireless.  Bowden Dep. at 19:16-20:19, Exh. 3 to Afzali Decl. (docket no. 20).  Because Mr. Bowden lives in a remote area of Kitsap County, his primary concern in switching service providers was not price, but rather coverage.  *Id.* at 21:4-15; 22:19-24; 27:12-16.  When activating service with Cingular Wireless, Mr. Bowden signed and received copies of

a Wireless Service Agreement for each of three numbers, namely his own, his wife's, and his daughter's. *See id.* at 20:20-21:3; 36:9-20; 37:1-39:9; Exh. 2. The Wireless Service Agreements indicated that Cingular Wireless imposes "a gross receipts surcharge." *Id.* at Exh. 2. The Wireless Service Agreements also expressly incorporated Cingular Wireless's Terms of Service,[3] which included the following provision:

> You are responsible for paying all charges for or resulting from services provided under this Agreement. You will receive monthly bills that are due in full as shown thereon. YOU MUST, WITHIN 100 DAYS OF THE DATE OF THE BILL, NOTIFY US IN WRITING . . . OF ANY DISPUTE YOU HAVE WITH RESPECT TO THE BILL, INCLUDING ANY CHARGES ON THE BILL . . . . Charges include, without limitation, . . . applicable taxes and governmental fees, whether assessed directly upon you or upon Cingular.

*Id.* at Exh. 3. This language is identical to the wording of the contract at issue in *Riensche*. *See* Order at 3-4 (C06-1325Z, docket no. 133). Moreover, like the plaintiff in *Riensche*, Mr. Bowden did not review this boilerplate language, considering it a "snooze-fest," *see* Bowden Dep. at 42:21-24, and he never disputed, but rather consistently paid, the "State B and O Surcharge" reflected in his monthly bills prior to joining as a plaintiff in this litigation approximately three years after Cingular Wireless voluntarily suspended the practice of collecting the B&O surcharge. *See id.* at 57:12-16; 71:7-19; 72:9-16; *see also* Order at 5 (C06-1325Z, docket no. 133) (Cingular Wireless ceased assessing the B&O surcharge in January 2006); Order Granting Plaintiffs Leave to Amend Complaint, Exh. A to Verification of State Court Record of Proceedings (docket no. 49) (permitting James Bowden to join as a plaintiff effective December 3, 2008).

///

///

///

---

[3] The Wireless Service Agreement appears to be governed by Washington law. *See* Terms of Service at 13, Exh. 3 to Bowden Dep., Exh. 3 to Afzali Decl. (docket no. 20) ("The law of the state of your billing address shall govern this Agreement except to the extent that such law is preempted by or inconsistent with applicable federal law.").

ORDER - 4

1 **Discussion**

2 **A.     Summary Judgment Standard**

3 The Court should grant summary judgment if no genuine issue of material fact exists
4 and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When
5 a properly supported motion for summary judgment has been presented, the adverse party
6 "may not rely merely on allegations or denials in its own pleading," but rather must set forth
7 "specific facts" demonstrating the existence of a genuine issue for trial. Fed. R. Civ.
8 P. 56(e)(2). The nonmoving party is entitled to have all "justifiable inferences" favorably
9 drawn. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When the record,
10 however, taken as a whole, could not lead a rational trier of fact to find for the opposing
11 party, summary judgment is warranted. *See Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975,
12 932 (9th Cir. 2006); *see also Beard v. Banks*, 548 U.S. 521, 536 (2006).

13 **B.     Breach of Contract and Unjust Enrichment**

14 As in *Riensche*, in this case, Cingular Wireless has asserted the voluntary payment
15 doctrine as an absolute defense to plaintiff's breach of contract and unjust enrichment
16 claims.[4] In response, plaintiff contends that the knowledge element of the voluntary payment
17 doctrine has not been established. This argument was rejected in *Riensche*. As in *Riensche*,
18 in this case, plaintiff is not asserting a mistake of fact that might excuse his failure to
19 contemporaneously dispute the appropriateness of his monthly bills; instead, he claims that
20 he did not know he had "any defense to payment" or "right not to pay" the B&O surcharge,
21 Response at 21 (docket no. 40), which is simply ignorance of the legal theory of his case, and
22 does not undermine the conclusion that plaintiff "voluntarily paid with a full knowledge of
23 all of the facts." *See* Order at 9 (C06-1325Z, docket no. 133) (quoting 70 C.J.S. Payment

---

25 [4] Under Washington law, plaintiff may not maintain both a breach of contract and an unjust enrichment claim.
26 *See MacDonald v. Hayner*, 43 Wn. App. 81, 86, 715 P.2d 519 (1986). Because plaintiff, however, would be precluded from recovery under either theory by the voluntary payment doctrine, the Court need not decide which cause of action is more appropriate.

ORDER  - 5

§ 104 (2007)). For the reasons set forth in the Court's Order in <u>Riensche</u> dated November 9, 2007, the Court HOLDS that plaintiff's breach of contract and unjust enrichment claims in this case are precluded by the voluntary payment doctrine.[5] The Court GRANTS summary judgment as to those claims in favor of Cingular Wireless and DISMISSES with prejudice the first and fourth counts of the Second Amended Complaint.

**C.      Washington Consumer Protection Act**

Unlike in <u>Riensche</u>, in this case, plaintiff does not premise his CPA claim on any failure to disclose the B&O surcharge, and he does not point to any specific deception on the part of Cingular Wireless. <u>See</u> Second Amended Complaint at ¶ 5.1 (docket no. 48). Instead, plaintiff in this case contends solely that Cingular Wireless committed a per se CPA violation by failing to comply with RCW 82.04.500, which plaintiff asserts bars the collection of a B&O surcharge. For the reasons set forth in the Court's Order in <u>Riensche</u> dated October 2, 2009, the Court HOLDS that violation of RCW 82.04.500 has not been declared a per se unfair trade practice by the Washington legislature, and that plaintiff has not established such statutory violation constitutes an unfair or deceptive trade act or practice within the meaning of the CPA. The Court GRANTS summary judgment in favor of Cingular Wireless as to plaintiff's CPA claim and DISMISSES with prejudice the second count of the Second Amended Complaint.

**D.      Uniform Declaratory Judgment Act**

As in <u>Riensche</u>, in this case, plaintiff seeks a declaratory judgment that Cingular Wireless's previous practice of billing and collecting the B&O surcharge violated

---

[5] As in <u>Riensche</u>, in this case, Cingular Wireless has taken the position that the 100-day period of limitations set forth in the Terms of Service bars all of plaintiff's claims. As explained in <u>Riensche</u>, although the Court considers the 100-day notice requirement to be an additional basis for dismissing plaintiff's breach of contract claim, the Court makes no ruling concerning the applicability of the limitations period to plaintiff's other claims. <u>See</u> Order at 4 n.1 (C06-1325Z, docket no. 169).

ORDER - 6

RCW 82.04.500.[6] Plaintiff identifies no factual differences between this case and *Riensche*, and engages in the same legal analysis as the plaintiff in *Riensche*. For the reasons set forth in the Court's Order in *Riensche* dated October 2, 2009, the Court HOLDS that Cingular Wireless's past billing practices did not violate RCW 82.04.500. The Court GRANTS summary judgment in favor of Cingular Wireless as to plaintiff's claim under the Uniform Declaratory Judgment Act, and DISMISSES with prejudice the third count of the Second Amended Complaint.

**Conclusion**

For the foregoing reasons, the Court GRANTS summary judgment in favor of Cingular Wireless and DISMISSES all of plaintiff's claims with prejudice. Plaintiff's cross-motion for partial summary judgment is DENIED and plaintiff's motion for class certification is STRICKEN as moot. Judgment in favor of Cingular Wireless shall be entered forthwith.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this 15th day of December, 2009.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

---

[6] In light of the Court's ruling on the merits, the Court declines to address whether the voluntary payment doctrine can be used as a defense to plaintiff's claim under the Uniform Declaratory Judgment Act.

ORDER - 7