UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHAN RIENSCHE,<br><br>   Plaintiff,<br><br> v.<br><br>CINGULAR WIRELESS LLC, et al.,<br><br>   Defendants. | C06-1325 TSZ |
| JAMES BOWDEN,<br><br>   Plaintiff,<br><br> v.<br><br>AT&T MOBILITY, LLC f/k/a<br>CINGULAR WIRELESS LLC, et al.,<br><br>   Defendants. | C09-106 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Defendants' motions to compel arbitration in these companion cases, C06-1325TSZ, docket no. 193, and C09-106TSZ, docket no. 83. Having reviewed all papers filed in support of and in opposition to each motion, the Court enters the following order.

ORDER - 1

## I. Background

Plaintiffs Nathan Riensche and Jared Bowden[1] (hereinafter referred to collectively as "Plaintiffs") are the named plaintiffs in two separate putative class action lawsuits in this Court against Defendants Cingular Wireless LLC, New Cingular Wireless Services Inc., d/b/a AT&T Wireless, New Cingular Wireless Services Purchasing Company LP, and New Cingular Wireless PCS LLC (hereinafter referred to collectively as "Cingular").[2] Plaintiffs allege that Cingular breached its service contracts and was unjustly enriched by collecting the Washington State business and occupation tax ("B&O") as a surcharge from customers. Complaint, C06-1325TSZ, docket no. 1; Complaint, C09-106TSZ, docket no. 1. The long and tortuous history of the litigation in this Court is, for the most part, irrelevant to the issue before the Court today—namely whether Plaintiffs claims must be submitted to arbitration pursuant to the agreements of the parties. A brief recitation of the relevant events follows.

Plaintiffs each entered into a contract with Cingular Wireless for wireless phone service sometime in 2004. Each of their agreements with Cingular included an arbitration provision. Bennett Decl. at ¶¶ 5-6 & Ex. B, C06-1325TSZ, docket no. 6; Cummings Decl. at ¶ 7 & Ex. 5, C06-1325TSZ, docket no. 194; Dobbs Decl. at ¶ 6 &

---

[1] This lawsuit was originally filed by Jared Peck in 2006. Peck v. Cingular Wireless LLC, C06-343TSZ, Notice of Removal, docket no. 1. Bowden joined the lawsuit in December 2008. Peck v. Cingular Wireless LLC, C09-106TSZ, Notice of Removal, docket no. 1. Peck was later dismissed. Id., docket no. 25.

[2] In Bowden's Second Amended Complaint, C09-106TSZ, docket no. 48, filed on June 3, 2009, Defendant Cingular Wireless LLC is replaced by AT&T Mobility, LLC, f/k/a CINGULAR WIRELESS LLC, d/b/a Cingular Wireless.

ORDERORDER - 2

Ex. 2, C06-1325TSZ, docket no. 196; Bowden Dep. at Ex. 2 (Ex. 3 to Afzali Decl.), C09-106TSZ, docket no. 20.  Cingular promptly moved to compel arbitration in both cases.  Motion to Compel Arbitration, C06-1325TSZ, docket no. 5; Motion to Compel Arbitration, C06-343TSZ, docket no. 11.  The Court denied the motions, concluding that the prohibition on class proceedings in the arbitration provision was substantively unconscionable under Washington law.[3]  Order at 22-23, C06-1325TSZ, docket no. 22; Minute Order, C06-343TSZ, docket no. 22.

The Plaintiffs separately litigated their claims in this Court for approximately four years, culminating in summary judgment dismissal of all Plaintiffs' remaining claims in October 2009.  Order, C06-1325TSZ, docket no. 165; Order, C09-106TSZ, docket no. 56.  The Plaintiffs then each appealed to the Ninth Circuit, where the cases were eventually consolidated for purposes of appeal only.  Peck v. Cingular Wireless, No. 09-36113, docket no. 66.

In January 2011, the Ninth Circuit certified to the Washington Supreme Court the question of whether RCW Section 82.04.500 allows a seller to recoup its B&O tax by collecting a surcharge from customers in addition to the monthly service fee.  Id., docket no. 34.  The Washington Supreme Court held oral argument on October 20, 2011, and on April 28, 2012, the Court issued its decision, holding that Cingular had violated the

---

[3] The Court granted the motion to compel arbitration in part in Peck, concluding that the arbitration provision contained in Cingular's Calling Plan for Employees of Cingular Agents and National Retailers was enforceable as to Peck's claims that pre-dated January 6, 2006.  See Minute Order, C06-343TSZ, docket no. 22.  The Court denied the motion as to the arbitration provision contained in the Consumer Calling Plan, which applied to Peck's claims that post-dated January 6, 2006, the date Peck terminated his employment with Cingular and activated a consumer calling plan.  Id.  It is the arbitration provision contained in the Consumer Calling Plan that is at issue in the present case.

ORDERORDER - 3

Washington B&O tax statute by adding the cost of its tax to customers' bills. Peck v. AT&T Mobility, 174 Wn.2d 333, 275 P.2d 304 (2012). After the Washington Supreme Court issued its decision, the Ninth Circuit accepted additional briefing on the effect of the Washington Supreme Court decision and the issue of whether the Washington statute was preempted by the Federal Arbitration Act ("FAA"). Peck v. Cingular Wireless, No. 09-36113, docket no. 66. On October 24, 2012, the Ninth Circuit issued a memorandum opinion concluding that RCW 82.04.500 prohibits Cingular from charging its customers the B&O tax as a surcharge, that the Washington statute is not preempted by the FAA, and that Plaintiffs are entitled to recover under Washington's Consumer Protection Act. Riensche v. Cingular Wireless, 2012 WL 5352971 (9th Cir. 2012). The Ninth Circuit then remanded the cases to this Court for further proceedings.

A mandate issued from the Ninth Circuit on November 16, 2012, Mandate of USCA, C06-1325TSZ, docket no. 186, and Cingular filed a renewed motion to compel arbitration and stay litigation in Riensche on December 7, 2012. Renewed Motion to Compel Arbitration, C06-1325TSZ, docket no. 193. Cingular moved to compel arbitration and stay litigation in Peck on December 18, 2012. Motion to Compel Arbitration, C09-106TSZ, docket no. 83.

**II.  Discussion**

At issue is whether the Court must compel arbitration of Plaintiffs' claims pursuant to the change in law announced by the Supreme Court in AT&T Mobility LLC v. Concepcion, __U.S. __, 131 S. Ct. 1740 (2011). Plaintiffs do not contest the applicability of the arbitration provisions at issue. Rather, they argue that AT&T waived

ORDERORDER - 4

its right to compel arbitration by failing to notify the Plaintiffs of its intent to seek arbitration until after the Ninth Circuit issued its mandate, more than a year and a half after the Supreme Court issued its decision in Concepcion on April 27, 2011.  Plaintiffs also argue that the Court should refrain from ordering arbitration for policy reasons. Alternatively, in the event the Court grants the motion to compel arbitration, Plaintiffs contend that the arbitration agreement is unenforceable as to Plaintiffs' claims for injunctive relief.  The Court will address each argument in turn.

### A.   Did Cingular Waive its Right to Compel Arbitration?

The parties agree that the applicable three part test to determine whether a party has waived the right to arbitration was set forth by the Ninth Circuit in Fisher v. A.G. Becker Paribas Incorporation, 791 F.2d 691 (9th Cir. 1986).

> A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.

Id. at 694.  Plaintiffs' waiver argument fails with respect to elements two and three of the Fisher test.  They have not demonstrated that Cingular's acts in the Ninth Circuit after the Supreme Court issued its decision Concepcion were inconsistent with the right to arbitration and they have not demonstrated prejudice resulting from the allegedly inconsistent acts.

"Because waiver of the right to arbitration is disfavored, 'any party arguing waiver of arbitration bears a heavy burden of proof.'"  Id.  "'The question of what constitutes a waiver of the right of arbitration depends on the facts of each case.'"  AT&T Mobility v.

ORDERORDER - 5

Holaday-Parks-Fabricators, Inc., 2011 WL 5864112, at *8 (W.D. Wash., Nov. 22, 2011) (quoting USA Payday Cash Advance Ctr. # 1, Inc. v. Evans, 281 Ga.App. 847, 849 (2006)). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 25 (1983).

Plaintiffs argue that Cingular's failure to promptly notify them after the Supreme Court issued its decision in Concepcion, of its intent to compel arbitration, combined with Cingular's further pursuit of a judicial resolution in the Ninth Circuit, supports a finding of waiver. Cingular responds that, under the circumstances of this case, they could not have renewed their motion to compel arbitration until jurisdiction was returned to this Court and that they promptly so moved after the Ninth Circuit issued a mandate. Moreover, they point out that, to the extent they continued to litigate the merits of the case in the Ninth Circuit after the Supreme Court issued its decision in Concepcion, such litigation was pursuant to Plaintiffs' appeal of this Court's summary judgment orders in favor of Cingular. Both sides argue that case law supports their position. In fact, no case cited by either party deals with the circumstances at issue here, where the district court did not have jurisdiction over the proceedings for the intervening time between the date the moving party had notice of the change in the law and the date the motion to compel arbitration was filed because the case was on appeal.

///

///

### 1. Knowledge of Existing Right to Compel Arbitration

With respect to the first prong of the Fisher test, Cingular had knowledge of an existing right to arbitrate on April 27, 2011, the date the Supreme Court issued its decision in Concepcion. Prior to that date, this Court had concluded that the arbitration provision in Cingular's contracts was substantively unconscionable and therefore, unenforceable under Washington law. Minute Order, C06-343TSZ, docket no. 22; Riensche v. Cingular Wireless, 2006 WL 3827477 (W.D. Wash., Dec. 27, 2006).[4] In Concepcion, the Supreme Court held that California's Discover Bank rule, which held that an arbitration agreement in a consumer contract of adhesion that prohibits class actions and class arbitration is unconscionable under California law, was preempted by the FAA. 131 S. Ct. 1740 (2011). The Supreme Court's holding in Concepcion constituted a change in the law and gave rise to an existing right to arbitration under the facts of this case. See, e.g., Letizia v. Prudential Bache Sec., Inc., 802 F.2d 1185, 1187 (9th Cir. 1986) (holding "no existing right to arbitration" where the prevailing law in the circuit would have rendered such a motion "futile").

To the extent that the Plaintiffs' argue that Cingular waived its right to arbitration prior to the date the Supreme Court issued its decision in Concepcion, the Court disagrees. Riensche argues that Cingular should have appealed this Court's decision

---

[4] This was consistent with other contemporaneous orders from this district. In addition, the Washington Supreme Court and the Ninth Circuit subsequently held that an arbitration provision that prohibits class-wide relief was substantively unconscionable under Washington law. See Luna v. Household Fin. Corp. III, 236 F. Supp. 2d 1166, 1178-79 (W.D. Wash. 2002); Scott v. Cingular Wireless, 160 Wn.2d 843 (2007); Lowden v. T-Mobile, USA, Inc., 2006 WL 1009279, at *5-6 (W.D. Wash., Apr. 13, 2006), aff'd, 512 F.3d 1213 (9th Cir. 2008).

ORDERORDER - 7

denying its motion to compel arbitration in December 2006, see Order, C06-1325TSZ, docket no. 22, and that its failure to do so constitutes waiver.  This argument is not supported by authority.  Rather, because case law in this Circuit holds that where a motion to compel arbitration would be futile, failure to make such a motion does not constitute waiver, see, e.g., Swift v. Zynga Game Network, Inc., 805 F. Supp. 2d 904, 913-14 (N.D. Cal. 2011) (holding failure to move to compel arbitration prior to Concepcion did not constitute waiver where such motion would have been futile); Quevedo v. Macy's, Inc., 798 F. Supp. 2d 1122, 1129-31 (C.D. Cal. 2011) (concluding defendant's failure to move to compel arbitration prior to Concepcion would have been futile, and therefore, its failure to seek to enforce the arbitration agreement did not reflect any intent to forego arbitration), the same analysis supports the conclusion that failure to appeal the denial of a motion to compel arbitration does not constitute waiver where such appeal would have been futile.

Riensche does not credibly argue that an appeal of Cingular's motion to compel arbitration in 2006 would not have been futile.  Rather, he relies on Gutierrez v. Wells Fargo Bank, 704 F.3d 712, 720 (9th Cir. 2012), and, in particular, that court's citation to Franceschi v. Hosp. Gen. San Carlos, Inc., 420 F.3d 1, 4 (1st Cir. 2005).  Neither Gutierrez nor Franceschi is on point.  Gutierrez does not involve the issue of failure to appeal the denial of a motion to compel arbitration.  Franceschi is also not helpful to the Plaintiffs.  There, the hospital argued that the parties' contract required mandatory arbitration of the plaintiff's claims at summary judgment.  Id. at 4.  After the district court rejected the hospital's argument, the parties continued to litigate the matter and three

1  years later the case went to trial.  On appeal, the First Circuit rejected the hospital's

2  argument that summary judgment should have been granted in its favor on the basis of

3  the arbitration clause.  In particular, the First Circuit concluded that the hospital waived

4  its right to arbitration because no interlocutory appeal of the Court's summary judgment

5  motion was filed.  <u>Id.</u>  However, the hospital did not argue on appeal that the right to

6  arbitration was based on a change in law.

7      Bowden argues that Cingular waived the right to arbitration by failing to file a

8  motion to compel arbitration against him after he joined the lawsuit in 2008.  This

9  argument is also without merit.  Consistent with its knowledge of the arbitration

10 provision in its contracts, Cingular moved to arbitrate in both <u>Riensche</u> and <u>Peck</u> at the

11 outset of the litigation in 2006.  Although Cingular did not move to arbitrate again after

12 Bowden was added as a plaintiff in <u>Peck</u>, it did raise arbitration as an affirmative defense.

13 <u>See</u> Defendants' Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' First

14 Amended Complaint at 5, No. 06-2-05747-3 SEA (King County Superior Court).

15 Moreover, it is clear that a motion to compel Bowden to arbitrate when he was added as a

16 plaintiff in late 2008 would have been futile given this Court's orders on the two previous

17 motions to compel arbitration in <u>Riensche</u> and <u>Peck</u>, and the Washington Supreme

18 Court's intervening decision in <u>Scott v. Cingular Wireless</u>, 160 Wn.2d 843, 161 P.3d

19 1000 (2007), holding that an arbitration clause prohibiting class arbitration in a wireless

20 service agreement was unconscionable under Washington law and that this aspect of

21 Washington law was not preempted by the FAA.

22

23

ORDERORDER - 9

### 2. **Acts Inconsistent with Existing Right**

With respect to the second prong of the Fisher test, Plaintiffs contend that Cingular's continued litigation of these cases in the Ninth Circuit after the Supreme Court issued its decision in Concepcion was inconsistent with an existing right to compel arbitration.[5]  No case that they cite is analogous to the circumstances here.  See Kingsbury v. U.S. Greenfiber, 2012 WL 2775022 (C.D. Cal., June 29, 2012); Van Ness Townhouses v. Mar Indus. Corp., 862 F.2d 754, 759 (9th Cir. 1988); Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices  Prods. Liab. Litig., 828 F. Supp. 2d 1150, 1163-64 (C.D. Cal. 2011); Nat'l Found. for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772 (D.C. Cir. 1987); Gutierrez, 704 F.3d 712.  Moreover, the Plaintiffs' claims that Cingular "continued to take affirmative steps toward a litigated resolution" and "actively sought a judicial resolution" after Concepcion do not accurately represent the facts.  See, e.g., Plaintiff's Response to Motion to Compel at 8-9, C06-1325TSZ, docket no. 88.

Although Cingular did not file its motions to compel arbitration until December 2012, more than a year and a half after the Supreme Court issued its decision in Concepcion, the Court concludes that its actions were not inconsistent with the right to arbitration under the facts of this case.  First, Cingular filed a motion to compel arbitration at the outset of litigation in both Riensche and Peck.  Second, Cingular subsequently prevailed on the merits at summary judgment and the cases were on appeal

---

[5] Riensche appears to argue that discovery, depositions, and summary judgment motions propounded by Cingular prior to Concepcion are acts inconsistent with an existing right to arbitrate.  This argument is without merit because there was no existing right to arbitrate until Concepcion.

in the Ninth Circuit when Concepcion was issued.  Third, Cingular had no reason to move to compel arbitration until the Ninth Circuit reversed this Court's summary judgment orders in its favor.  And fourth, Cingular filed its motions to compel arbitration promptly after the Ninth Circuit issued its mandate and jurisdiction was returned to this Court.  The cases cited by the Plaintiffs to support their argument of waiver are not persuasive under these facts.

A party's acts are inconsistent with the right to compel arbitration where the party makes a "'conscious decision to continue to seek judicial judgment on the merits of [the] arbitrable claims.'"  Van Ness Townhouses, 862 F.2d at 759 (quoting Nat'l Found. for Cancer Research, 821 F.2d at 777).  "There is no concrete test in the Ninth Circuit to determine whether or not actions taken by a party are 'inconsistent' with the right to arbitrate."  Airbus S.A.S v. Aviation Partners Inc., 2012 WL 5295145, at *3 (W.D. Wash., Oct. 25, 2012).  Because waiver is disfavored, "the Ninth Circuit has been hesitant to conclude that a party's actions are inconsistent" with the right to arbitrate.  Id. (citing Britton v. Co-op Banking Grp., 916 F.2d 1405 (9th Cir. 1990); Fisher, 791 F.2d at 694-95).

The cases cited by Plaintiffs to support their argument of waiver are distinguishable on one or more of the following grounds.  First, the parties did not leave the trial court before the defendant moved to compel arbitration.  Second, the court concluded that the moving party had an existing right to arbitration prior to the alleged change in the law, making further analysis of whether that party acted inconsistent with such right after the change in law unnecessary.  Third, the continued litigation after the

ORDERORDER - 11

1 change in law was driven by the actions of the moving party, rather than the party

2 resisting arbitration.

3      Kingsbury v. U.S. Greenfiber is distinguishable for all three reasons outlined

4 above.  First, the parties never left the district court.  2012 WL 2775022, at *1.  Second,

5 the Court concluded that the defendant had an existing right to arbitration prior to

6 Concepcion, and waived that right by litigating the case for four years prior to moving to

7 compel arbitration.  Id. at *4-6.  Third, even if the defendant's right to arbitration did not

8 arise until the Supreme Court's decision in Concepcion, rather than immediately moving

9 to compel arbitration after the Supreme Court issued its decision in Concepcion, the

10 defendant waited several months until after the district court ruled on the plaintiff's

11 pending motion for class certification and the Ninth Circuit denied the defendant's

12 motion to appeal the court's order granting class certification.  Id. at *6.

13      Van Ness Townhouses v. Mar Industries Corporation is similarly distinguishable

14 for all three reasons discussed above.  There, the district court compelled arbitration and

15 the plaintiffs appealed.  862 F.2d at 759.  The Ninth Circuit reversed, concluding that the

16 defendants waived the right to arbitration because they had an existing right to arbitrate

17 some of plaintiffs' claims at the outset of the litigation, but failed to demand arbitration of

18 the arbitrable claims until two years later on the eve of trial.  Id. at 758-59.  The Ninth

19 Circuit concluded that the defendants' decision to "litigate actively the entire matter—

20 including pleadings, motions, and approving a pre-trial conference order" was

21 inconsistent with the asserted right to arbitration.  Id. at 759.  The Court's holding of

22

23

ORDERORDER - 12

waiver in Van Ness Townhouses is not useful in analyzing the waiver issue under the facts in the present case.

Plaintiffs also rely on Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices Prods. Liability Litigation to support their argument of waiver. But there, the Court's waiver analysis was conducted as an alternative basis for denying the motion to compel arbitration, after the Court first concluded that the asserted arbitration provision did not apply to the claims at issue. 828 F. Supp. 2d at 1154.

The Plaintiffs reliance on National Foundation for Cancer Research v. A.G. Edwards & Sons, Inc. is equally misplaced. There, the district court denied defendant's motion to compel arbitration and the Eighth Circuit affirmed. 821 F.2d at 777. National Foundation for Cancer Research is distinguishable for two of the reasons discussed above. First, the parties were litigating in the trial court when the change in law was announced. Id. at 773. Second, the party seeking arbitration continued to litigate the action for over a year in the trial court after the change in law was announced, waiting for the trial court to rule on its pending motion for summary judgment before moving to compel arbitration. Id. at 773-74.

Finally, Gutierrez v. Wells Fargo Bank, on which the Plaintiffs' also rely, is distinguishable. The arbitration provision at issues in that case is dissimilar to the provision at issue here because it was not mandatory and permitted class arbitration on consent. 704 F.3d at 719-720. Based on this distinction, the Ninth Circuit concluded with respect to the first prong of the Fisher test, that the futility of an arbitration demand prior to Concepcion was not clear cut. Id. at 721. Additionally, because the arbitration

provision did not require arbitration, the Court concluded that ordering arbitration would undercut the plaintiff's contractual expectations, be inconsistent with the parties' agreement, and contradict their conduct throughout the litigation. Id. at 721-22. As the Ninth Circuit noted, Gutierrez is "an unusual, perhaps sui generis, case" in which the specific circumstances counseled the result.[6]

### 3. Prejudice

Addressing the third prong of the Fisher test, Plaintiffs contend that they have been prejudiced by Cingular's failure to promptly notify them of its intent to seek arbitration after the Supreme Court issued its decision in Concepcion. Specifically, they contend that: (1) they have incurred significant fees and costs in litigating this case, and (2) that Cingular has engaged in discovery that would not have been available in arbitration and that may prejudice Plaintiffs' position in any future arbitration proceedings. The Court rejects these arguments.

In the Ninth Circuit, "when a party to an agreement that makes 'arbitration of disputes mandatory' chooses to 'violate [] that agreement' by opting to litigate claims in

---

[6] The other cases cited by Plaintiffs to support their waiver argument are similarly distinguishable from the facts at issue in the present case. See, e.g., Mirant Corp. v. Castex, 613 F.3d 584, 589 (5th Cir. 2010) (concluding that defendant had substantially invoked the judicial process and waived the right to compel arbitration by filing three motions to dismiss plaintiffs' claims, partially on the basis of affirmative defenses, prior to invoking arbitration); Se. Stud & Components Inc. v. Am. Eagle Design Build Studios, LLC, 588 F.3d 963, 969 (8th Cir. 2009) (holding that defendant waived the right to arbitration by waiting thirteen months after plaintiff filed suit to move to compel arbitration, and concluding that plaintiff was prejudiced by delay where it incurred expenses responding to discovery requests and defendant's motion for judgment on the pleadings); Hooper v. Advance Am. Cash Advance Ctr. of Mo., Inc., 589 F.3d 917, 921-22 (8th Cir. 2009) (holding defendant in putative class action waived its right to arbitration when it filed and pursued an "extensive and exhaustive" motion to dismiss that sought judgment on the merits).

1  court, any 'extra expense' incurred by that party as a result of its 'deliberate choice of an
2  improper forum, in contravention of [its] contract' cannot be charged to the other party."
3  Apple & AT&TM Antitrust Litigation, 826 F. Supp. 2d 1168, 1174 (2011) (quoting
4  Fisher, 791 F.2d at 698).  The fact that the parties have engaged in discovery also does
5  not "constitute sufficient prejudice to establish waiver" of the right to compel arbitration.
6  Fisher, 791 F.2d at 697.

7  Any costs and fees incurred in this litigation prior to the issuance of the Supreme
8  Court's decision in Concepcion do not support Plaintiffs' contention that they have
9  suffered prejudice.  See Apple & AT&TM Antitrust Litig., 826 F. Supp. 2d at 1174
10 (concluding that similar conduct did not constitute prejudice sufficient to deprive
11 defendant of its right to compel arbitration after the Supreme Court announced a change
12 in the prevailing law in Concepcion).  However, Plaintiffs also argue that they were
13 prejudiced by Cingular's failure to promptly notify them of its intent to seek arbitration
14 after the Supreme Court issued its decision in Concepcion because Cingular continued to
15 take "affirmative" action toward a litigated resolution of the case.  Plaintiff's Response to
16 Renewed Motion to Compel Arbitration at 8, C06-1325TSZ, docket no. 200.

17 Although this argument is not clearly refuted by the case law, analysis of the Ninth
18 Circuit dockets leads to only one conclusion—any costs incurred by Plaintiffs during the
19 pendency of their appeal to the Ninth Circuit are squarely the result of Plaintiffs'
20 deliberate choice to appeal this Court's summary judgment dismissal of their claims.  The
21 appeal in each case was fully briefed by May 2010.  See Peck v. Cingular Wireless LLC,
22 No. 09-36113 (9th Circuit), docket nos. 25-27, 66.  The only events that occurred after
23

ORDERORDER - 15

Concepcion was issued in April 2011 were (1) an October 2011 brief submitted to the Washington Supreme Court by Cingular in response to an amicus brief, (2) oral argument before the Washington Supreme Court on October 20, 2011, and (3) supplemental briefing to the Ninth Circuit in July 2012 after the Washington Supreme Court issued its decision on the certified question.  The lion's share of the appellate process had occurred prior to the Supreme Court's decision in Concepcion.  The additional events that occurred after Concepcion were necessary before the Ninth Circuit could issue an opinion disposing of the Plaintiffs' appeals.   Under the unique circumstances of this case, any events that occurred in the Ninth Circuit after April 2011 are not sufficient to support a finding of prejudice.[7]

### III.   Policy Argument

In addition to arguing that Cingular waived its right to compel arbitration under the Fisher test, Plaintiffs argue that ordering arbitration at this stage in the proceedings would be fundamentally inconsistent with the purposes of the FAA.  This argument is not persuasive.

Plaintiffs rely on Gutierrez to support their argument.  But Gutierrez is distinguishable.  There, the arbitration provision at issue did not make arbitration mandatory, but rather contemplated "that the parties [could] decide to remain within the

---

[7] It is not reasonable to suggest that Cingular should have filed a motion to compel arbitration prior to the Ninth Circuit's decision because, until that time, Cingular was the prevailing party and there were no claims left to arbitrate.  Thus, even if Cingular had notified Plaintiffs of its intent to seek arbitration if the Ninth Circuit reversed, it is highly unlikely that this case would be in any different posture than it is in now.

judicial system to settle their disputes." 704 F.3d at 720.  Moreover, the trial court had certified a class and conducted a class-wide trial before the defendants raised arbitration for the first time on appeal.  Id. at 718.  For these reasons, the Ninth Circuit concluded that ordering arbitration "at this junction would frustrate the purpose of the FAA," which is to "'ensure enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings.'"  Id. at 721 (quoting Concepcion, 131 S. Ct. at 1748).  The factors supporting the Ninth Circuit's conclusion in Gutierrez are not present here.

As the Supreme Court confirmed in Concepcion, "the 'principal purpose' of the FAA is to '**ensur[e] that private arbitration agreements are enforced according to their terms.**'"  131 S. Ct. at 1748 (quoting Volt Info. Sci., Inc. v. Bd. of Trustees of Leland Stanford, 489 U.S. 468, 478 (1989)).  Thus, this Court must order arbitration of Plaintiffs' claims pursuant to the mandatory arbitration clause included in their contracts.  Any other result would be inconsistent with the purposes of the FAA.

### IV. If the Court Grants Cingular's Motion to Compel Arbitration, Should it Strike the Contract Provision Concerning Injunctive and Declaratory Relief?

Plaintiffs argue that, if the Court grants the Defendants' motions to compel arbitration, it should strike the portion of the arbitration agreement that provides:

> The arbitrator may award injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by the party's individual claim.

See Plaintiff's Response to Renewed Motion to Compel Arbitration at 12, C06-1325TSZ, docket no. 200; Plaintiff's Response to Defendants' Motion to Compel Arbitration at 12, C09-106TSZ, docket no. 88.  Plaintiffs argue that Cingular has not challenged the Court's

ORDERORDER - 17

prior holding that this limitation on injunctive relief was substantively unconscionable. See Order at 21, No. C6-1325TSZ, docket no. 22.

This argument is not persuasive. The Court's 2006 order denying Cingular's motion to compel arbitration in Riensche concluded that Cingular's arbitration agreement was unconscionable for two reasons. First, the Court concluded after a thorough analysis of the existing case law that the prohibition on all class proceedings was substantively unconscionable. Id. at 19-21. The Court then concluded that the limitation on injunctive relief "is substantively unconscionable for the same reasons that the class action prohibition is unconscionable." Id. at 21. Because the Court's analysis of the prohibition on class proceedings is no longer good law under Concepcion and its progeny, the Court's reliance on that analysis with respect to the limitation on injunctive relief is also no longer controlling law.

V.      **Conclusion**

The Court GRANTS the motions to compel arbitration in both cases, C06-1325TSZ, docket no. 193, and C09-106TSZ, docket no. 83, and STAYS both of these actions pending further Order of the Court. The parties are DIRECTED to file a joint status report ("JSR") within fourteen (14) days of any determination by the arbitrator, or by September 1, 2013, whichever occurs earlier.

Dated this 12th day of March, 2013.

THOMAS S. ZILLY
United States District Judge

ORDERORDER - 18